IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BETH A. WASEM, | ) |
| | ) Civil Action |
| Plaintiff | ) No. 10-cv-468 |
| | ) |
| vs. | ) |
| | ) |
| MICHAEL J. ASTRUE, | ) |
| Commissioner of | ) |
| Social Security, | ) |
| | ) |
| Defendant | ) |

O R D E R

NOW, this 10th day of April, 2011, upon consideration of the following documents:

(1) Plaintiff's Brief and Statement of Issues in Support of Request for Review filed June 21, 2010;

(2) Defendant's Response to Request for Review of Plaintiff, which response was filed July 19, 2010; and

(3) Report and Recommendation of United States Magistrate Judge L. Felipe Restrepo filed March 25, 2011;

upon consideration of plaintiff's Complaint, defendant's Answer and after a thorough review of the record in this matter; it appearing that neither party filed objections to Magistrate Judge Restrepo's Report and Recommendation; it further appearing that Magistrate Judge Restrepo's Report and Recommendation correctly determined the legal and factual issues presented in this case,

IT IS ORDERED that Magistrate Judge Restrepo's Report and Recommendation is approved and adopted.

IT IS FURTHER ORDERED that plaintiff's request for review is granted.

IT IS FURTHER ORDERED that judgment is entered in favor of plaintiff Beth A. Wasem and against defendant Michael J. Astrue, Commissioner of the Social Security Administration.

IT IS FURTHER ORDERED that the decision of the Commissioner dated October 25, 2007 and affirmed by the Appeals Council on December 10, 2009 which denied benefits to plaintiff Beth A. Wasem is reversed.

IT IS FURTHER ORDERED that pursuant to sentence four of 42 U.S.C. § 405(g), this matter is remanded to the Commissioner for further proceedings consistent with Magistrate Judge Restrepo's Report and Recommendation.[1]

---

[1] Specifically, among the further proceedings recommended by Magistrate Judge Restrepo and approved in this Order which the Administrative Law Judge ("ALJ") shall complete are the following:

(1) Explicitly analyze all the evidence when determining plaintiff's residual functional capacity ("RFC"), including but not limited to:

(a) the postural limitations listed by treating physician Dr. Noi Walkenstein on a Medical Source Statement dated September 26, 2005;

(b) the Mental RFC Assessment completed by non-treating physician Dr. Linda Massetti;

(2) Explain the weight given to the opinions of all medical sources, providing probative exhibits;

(3) Support all credibility findings with substantial evidence, taking special care to analyze all evidence when determining how plaintiff's symptoms limit her capacity for work.

I note that plaintiff also seeks remand for further proceedings on the ALJ's determination that plaintiff's fibromyalgia was not a severe impairment. Because I conclude that the ALJ did not err in that regard, I do not remand on that basis.

IT IS FURTHER ORDERED that the Clerk of Court shall mark this case closed for statistical purposes.

BY THE COURT:


 /s/ James Knoll Gardner   
James Knoll Gardner
United States District Judge

---

Plaintiff also contends that the ALJ erred in not following SSR 96-8p in determining plaintiff's function-by-function ability and in not considering plaintiff's ability to work on a regular and predictable basis. (Plaintiff's brief, page 6; Report and Recommendation, page 16 n.6.) She also asserts that the Vocational Expert's testimony does not support a denial at Step Five of the five-step sequential analysis required to determine if a claimant is disabled. See Ramirez v. Barnhart, 372 F.3d 546, 550 (3d Cir. 2004); 20 C.F.R. § 404.1520. Because I remand the matter for fuller evaluation of plaintiff's RFC, I do not address those contentions here. However, I encourage the ALJ to ensure compliance on those issues upon remand.